ELVIN EASTMAN & another *vs.* ANDREW J. PERKINS.

A receipted bill of sale of hay and oats, headed " A. B. bought of C. D." bore at the foot this memorandum signed by C. D., " Left at stable on O. Street, where A. B. takes possession. Rent to begin October 1, 1870, for one year at $150.00." *Held,* that this memorandum was a lease, and that oral evidence was admissible to show that the demised premises consisted of a lot of land on which was a stable and a small house connected therewith, which had been occupied by C. D.'s groom ; and that A. B. took possession of the demised premises under this lease.

ACTION under the Gen. Sts. *c.* 137, by Elvin Eastman and Henry A. Buell, to recover possession of a lot of land in Lawrence Writ dated November 21, 1870.

At the trial in the Superior Court, before *Wilkinson*, J., the plaintiffs put in evidence a deed of the land from John C. Hoadley to tnem, dated October 14, 1870, and also introduced evidence tending to show that there was a house with stable on the premises, and that they notified the defendant that they had bought the land of Hoadley, and asked him to leave the same, but that he refused to do so.

The defendant put in evidence the following written instrument: " September 22, 1870. Andrew J. Perkins, bought of John C. Hoadley, 700 lbs. hay, $10.50 ; straw, $4.50 ; meal, $3 ; oats, $6.50 ; shorts, $2. Received payment, John C. Hoadley. Left at stable on Oak Street, where Andrew J. Perkins takes possession. Rent to begin October 1, 1870, — for one year at $150. John C. Hoadley ; " and introduced evidence tending to show that he was holding the premises as a stable, by virtue of this instrument, at the date of the deed from Hoadley to the plaintiffs and of the writ. Hoadley being called as a witness by the defendant, testified " that he was the owner of the lot of land in question at the date of his deed to the plaintiffs and previously ; that the lot was situate on Oak Street, and had been used by him as a stable ; that there were upon the premises a stable and small house connected therewith, which had been occupied by the person who took care of his horses ; that on or about September 22, 1870, the defendant desired to hire the premises for one year, and he agreed to let them to him for one year from October 1, 1870, for $150 ; that the defendant at that time desired a lease of the premises ; that after taking an account of the personal property in the stable, the witness signed and delivered to the defendant the above instrument, retaining a duplicate ; and that the defendant took possession of the premises soon thereafter."

The judge ruled that the said instrument in connection with the foregoing evidence, which was not contradicted, constituted a sufficient lease of the premises, and ordered a verdict for the defendant, which was returned, and the plaintiffs alleged exceptions.

*J. C. Sanborn*, for the plaintiffs.

*W. S. Knox*, for the defendant.

AMES, J. The memorandum, affixed to the bill of parcels, expresses the consent of the owner that the defendant should have immediate possession of the stable, and should continue to occupy it, at a specified rent, and for a definite term of time. Although brief and informal therefore, it had the essential elements of a present demise. *Staniforth* v. *Fox*, 7 Bing. 590. *Kabley* v. *Worcester Gas Light Co.* 102 Mass. 392. Being accepted by the defendant, it gave him all the rights of a lessee. The parol evidence that was admitted was competent and allowable for the purpose of identifying the subject matter of the contract, of proving the defendant's acceptance of the lease, and his occupation as lessee, and also of proving that the " house " was a small building connected with and appurtenant to the stable, intended for the occupation of the person having charge of the horses, and substantially being a part of the stable as usually conducted. There was no error in the rulings of the court, and therefore the

*Exceptions are overruled.*