[No. 14252.    Department Two. — November 9, 1892.]

# A. C. CASTRO ET AL., APPELLANTS, v. W. V. GAF-FEY, RESPONDENT.

LEASE — COVENANT FOR QUIET ENJOYMENT — FAILURE OF JOINT LESSEE TO EXECUTE OR ACCEPT LEASE — NONSUIT. — In an action for damages for breach of a covenant for quiet enjoyment, contained in a lease, where the plaintiffs introduced in evidence a written instrument in the form of a lease by the defendant to the plaintiffs jointly, but which was signed by the defendant and one of the plaintiffs only, and the plaintiffs failed to introduce any evidence tending to show its acceptance as a lease by the lessee who did not sign it, or any occupation under it, a nonsuit is properly granted.

APPEAL from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion of the court.

*Lucas F. Smith,* and *J. Edward Marks,* for Appellants.

The lease, if signed by the lessor alone, was sufficient to charge him after delivery and acceptance by plaintiffs. It was signed by the party sought to be charged. (Code Civ. Proc., secs. 1971–1973, subd. 5; Civ. Code, secs. 1624, 1741; *Vassault* v. *Edwards,* 43 Cal. 458; *Emerson* v. *Bergin,* 76 Cal. 202; *Rutenberg* v. *Main,* 47 Cal. 213; *Prindle* v. *Anderson,* 19 Wend. 391; *Champlin* v. *Parish,* 11 Paige, 406; *Phipps* v. *Ingraham,* 41 Miss. 256; Pomeroy on Specific Performance, pp. 109–112, secs. 75, 76, and notes thereunder; 1 Greenl. Ev., 11th ed., 375, 376, note 1; *Davis* v. *Shields,* 26 Wend. 341; *Wharf and Lighter Co.* v. *Simpson,* 77 Cal. 286; *Old Colony R. R. Co.* v. *Evans,* 6 Gray, 25; 66 Am. Dec. 394; *Justice* v. *Lang,* 42 N. Y. 493; 1 Am. Rep. 576; *Bernard* v. *Lee,* 97 Mass. 92; *Larring* v. *Cole,* 3 G. Greene, 229.) The case was a proper one for the jury, and the nonsuit should have been denied. (*Alvarado* v. *De Celis,* 54 Cal. 588; *Leahy* v. *S. P. R. R. Co.,* 65 Cal. 150; *Franklin* v. *Motor Road Co.,* 85 Cal. 69.)

*James A. Hall,* and *Cross & Hall,* for Respondent.

The evidence fails to show possession. (*Polack* v. *Mc-*

*Grath*, 32 Cal. 20; *Brumagim* v. *Bradshaw*, 39 Cal. 44; *Coryell* v. *Cain*, 16 Cal. 573.) The document was not a lease, but if it had been fully completed, executed, and delivered, would have been a cropping contract. (1 Washburn on Real Property, sec. 10, p. 572 et seq., and many cases there cited; *Putnam* v. *Wise*, 1 Hill, 234; 37 Am. Dec. 309; *Caswell* v. *Districh*, 15 Wend. 379; *Bernal* v. *Hovious*, 17 Cal. 544; 79 Am. Dec. 147; *Dinehart* v. *Wilson*, 15 Barb. 595; *Harrower* v. *Heath*, 19 Barb. 337.) The document was incomplete because of having been signed by but one of the parties. (*Barber* v. *Burrows*, 51 Cal. 406; *Townsend* v. *Corning*, 23 Wend. 435; *Livingston* v. *Rogers*, 1 Caines, 584; *Emery* v. *Neighbour*, 7 N. J. L. 145; 11 Am. Dec. 541; *Tewksbury* v. *O'Connell*, 21 Cal. 70; *Mumford* v. *Whitney*, 15 Wend. 381; 30 Am. Dec. 60; *People* v. *Bostwick*, 32 N. Y. 445; *Lovett* v. *Adams*, 3 Wend. 380; *Pauling* v. *U. S.*, 4 Cranch, 218; *Russell* v. *Freer*, 56 N. Y. 67; *Clemens* v. *Broomfield*, 19 Mo. 118; *Wade* v. *Newbern*, 77 N. C. 460; *Laughran* v. *Smith*, 75 N. Y. 205; *Evans* v. *W. Lumber Co.*, 30 Minn. 516.)

SHARPSTEIN, J. — Appeal by plaintiffs from a judgment of nonsuit,

The plaintiffs in their complaint allege that on the fourteenth day of January, 1890, the defendant "entered into an agreement under his hand and seal whereby he hired and the plaintiffs leased for the term of two years" the premises in said complaint described; that defendant in said instrument in writing covenanted with the plaintiffs that they should peaceably and quietly occupy and enjoy the premises and privileges therein set forth and described for the said term of two years. Plaintiffs then allege that they "have not been permitted peaceably or at all to occupy and enjoy the possession of said premises; but, on the contrary, after the beginning of the term on the 15th of January, 1890, the defendant, W. V. Gaffey, who was, at the time of making said lease and entering into said covenant, thereafter the lawful owner of said premises, evicted the plaintiffs from said

premises and has ever since kept them out of the possession of the same, to their damage in the sum of five thousand dollars."

Defendant, in his answer, specifically denied all the material allegations of the complaint, including the allegation that plaintiffs had not been permitted peaceably to occupy and enjoy possession of said premises.

The issues in said action came on for trial, and the plaintiffs, to maintain the issues on their part, offered in evidence an instrument in writing signed by the defendant and one of the plaintiffs, which was in form a lease by defendant to plaintiffs of the premises described in the complaint. Defendant objected to its introduction, on the ground that it was not signed by both of the parties named as lessees in it. The objection was overruled.

A. C. Castro, one of the plaintiffs, testified " that he and his brother, R. Castro, are the plaintiffs in this action; that about the first day of January, 1890, he and his brother, R. Castro, rented a tract of land from the defendant, it being the same land described in the complaint; we rented the land for two years and went out there with Gaffey, and left a sledge-hammer there and fixed some harrow teeth; the lease was to run during the years 1890 and 1891; the proposed lease was reduced to writing while we were in possession and signed by defendant and myself and delivered to me in presence of Ed. White as a witness, after which, at the request of the defendant, I left it with him, to be signed by my brother the following day. The defendant, Gaffey, refused to permit us to continue in possession of said premises, and ordered us to leave the premises, as he would have nothing more to do with us. I did fifty dollars' worth of work on the premises while in occupation, and expended one hundred dollars in money and time in preparing to cultivate said rented premises, and that none of said money or damages have been paid by defendant to plaintiffs."

" During the introduction of plaintiff's testimony the defendant asked leave to introduce the evidence of two

of his witnesses out of the regular order, which the court permitted him to do with the consent of plaintiffs.

" The plaintiffs here rested their case, whereupon the defendant moved for a nonsuit, upon the grounds that plaintiffs had failed to make out a cause against the defendant; that the lease made by the defendant to plaintiffs, and for the non-compliance with which by the defendant the plaintiffs sue, was a written lease, and was signed by the defendant, Gaffey, and one of the lessees only. The plaintiffs objected to the hearing of said motion, because the defendant had introduced part of his case, whereupon the court suggested to defendant that it would hear said motion, provided defendant would withdraw the testimony introduced by him, to which ruling of the court the plaintiffs then and there duly excepted and still except.

"Thereupon the defendant withdrew his said testimony and made his motion for a nonsuit, which was granted by the court, to which ruling of the court plaintiffs then and there duly excepted, and still except, and here assign the same as error."

The ground on which the nonsuit was asked and granted is, that the lease on which plaintiffs have their cause of action is signed "by the defendant, Gaffey, and one of the lessees only." A lease signed by the lessor and *accepted* by the lessee has the same force and effect as it would have if signed by the lessee. But in this case there is no evidence tending to prove that the lease was accepted by the lessees. The only evidence on this point is that of A. C. Castro, one of the plaintiffs, who testified that about the 1st of January, 1890, he and his brother, R. Castro, the other plaintiff, rented the premises of the defendant, and went upon them with defendant, and left a sledge-hammer and fixed some harrow teeth; that the proposed lease was reduced to writing while plaintiffs were in possession, and was signed by defendant and witness, after which, at the request of the defendant, witness says: "I left it with him, to be signed by my brother the following day."

The statement on motion for a new trial contains a copy of the lease, which, it is stated, was produced in court by the defendant and offered in evidence by the plaintiffs, except a certain part of it.

There is no evidence tending to prove that the plaintiff who did not sign the lease ever accepted it, or ever knew of its existence. Plaintiffs were on the premises when the lease was "reduced to writing," and abandoned them when ordered by defendant to do so. It is clear, we think, that the instrument introduced in evidence as a lease was never executed as such, because it was not signed by both of the lessees, nor accepted as a lease by the lessee who did not sign it. The lease contained covenants to be performed by the lessees other than the one for the payment of rent, and we think the lessor was entitled to have a lease signed by both of the lessees. We do not doubt that if they had accepted the lease as it is, and had occupied the premises under it, the law would imply a promise to pay the rent reserved, although neither of the lessees had signed the lease. But that is not the case. There is no evidence of an acceptance by R. Castro, one of the lessees. It is quite clear that he should not be permitted to maintain an action upon an unexecuted lease.

The motion for a nonsuit was properly granted.
Judgment affirmed.

McFARLAND, J., and DE HAVEN, J., concurred.