[No. 18094.   Department One. — March 11, 1893.]

## A. E. D. SCOTT, Appellant, v. G. R. G. GLENN, Respondent.

New Trial — Notice of Decision — Service — Notice of Intention. — Where the defendant in an action in which he filed a cross-complaint making the plaintiff and his alleged assignors parties defendants served a notice of the decision of the court in his favor upon the attorneys for the plaintiff and defendants to the cross-complaint, directed "to the plaintiff" and the "attorneys of record," and one of the attorneys named accepted service thereof as "attorney for plaintiff and defendants to cross-complaint," the notice must be treated as a notice to and accepted by all of the losing parties, and a notice of intention to move for a new trial, served and filed by the defendants in the cross-complaint after the expiration of ten days from the service of the notice of decision, is not served or filed in time.

Appeal from an order of the Superior Court of Fresno County denying a new trial.

The facts are stated in the opinion.

XCVII. Cal.—33

*George B. Graham,* for Appellants.

*J. P. Meux,* for Respondent.

BELCHER, C. — This action was commenced to recover a sum of money alleged to have been received by the defendant for the use and benefit of certain parties, who had sold and assigned the indebtedness to the plaintiff.

The defendant answered, and also filed a cross-complaint, making the plaintiff and his alleged assignors parties defendant, and asking for affirmative relief against them.

The defendants named in the cross-complaint answered thereto, denying most of its averments.

The case was tried by the court upon the issues raised by the pleadings, and the findings and judgment were, that the plaintiff take nothing by his action, and that the defendant have and recover the relief demanded in his cross-complaint.

The findings and judgment were filed on September 17, 1891, and on the next day the attorney for defendant served upon the attorneys for the plaintiff and defendants to the cross-complaint a notice reading as follows:—

(Title of court and cause.)

" To the Plaintiff, and MESSRS. T. P. RYAN and G. B. GRAHAM, Attorneys of Record.

" You will take notice that the court has rendered its decision and findings and judgment, and defendant's memorandum of costs have been this day filed, in the above-entitled action.

" Dated September 17, 1891.

                                        " J. P. MEUX,
                              " Attorney for G. R. G. Glenn."

On this notice was indorsed an acknowledgment of service as follows: —

" Service of the within notice is hereby admitted this eighteenth day of September, 1891.

                                        " GEO. B. GRAHAM,

" Attorney for Plaintiff and Defendants to Cross-complaint."

On March 21, 1892, the defendants in the cross-complaint served upon Glenn and filed in the court a notice of their intention to move for a new trial of the action, stating that the motion would be made upon a statement of the case to be settled and allowed by the court.

Subsequently, the moving parties presented to the court their statement of the case, and asked that it be settled and allowed; but the defendant, Glenn, appeared by his attorney and objected to the settlement and allowance, upon the sole ground that the notice of intention to move for a new trial was not served in time.

The motion was submitted upon the above-mentioned notices, and the court, after hearing the arguments of counsel, " found that the said statement of the case and bill of exceptions was in all respects true and correct, but that the notice of intention to move for a new trial was not served in time, and thereupon, and for that reason, denied the motion of said defendants to said cross-complaint."

From the order thus entered, this appeal is prosecuted by all of the defendants to the cross-complaint.

The code provides that the party intending to move for a new trial must, within ten days after notice of the decision of the court, file with the clerk and serve upon the adverse party a notice of his intention. (Code Civ. Proc., sec. 659.) It is, however, argued for the appellants — and this is the only point made — that the notice of decision served here, when properly construed, was a notice to the plaintiff and *his* attorney alone, and that "no notice of the rendition of the decision was ever given to the defendants in the cross-complaint." We do not think the notice can be thus limited, particularly in view of the acceptance of service which was indorsed upon it. In our opinion, it must be treated as a notice to and accepted by all of the losing parties.

The case does not fall within the rule declared in *Stonesifer* v. *Kilburn*, 94 Cal. 33. There it was held that the settlement of a bill of exceptions was a "pro-

ceeding " in an action, within the meaning of section 473 of the Code of Civil Procedure, and that the court had power to relieve against the objection that the bill was not served in time, when it appeared that the default in the service resulted solely from excusable mistake or neglect. Here no claim for relief, under the section of the code cited in that case, was made, and we fail to see how any such claim could be made.

The order appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

           PATERSON, J., HARRISON, J., GAROUTTE, J.