[S. F. No. 98.   Department Two.—July 23, 1896.]

JOHN  W.  McDONALD, Respondent, v.  JOHN  P. POOLE et al., Appellants.

Street Improvement—Written Contract—Merger of Oral Stipulations—Parol Evidence.—A written contract for a street improvement merges all oral negotiations between the contracting parties, and parol evidence is not admissible to vary the price agreed upon for the work.

Id.—Assignment of Contract—Action by Assignee against Husband and Wife—Counterclaim by Husband against Assignor.—In a joint action by the assignee of a contract against a husband and wife to enforce a contract entered into by them for a street improvement, the husband cannot counterclaim an individual demand against the assignor of plaintiff for commissions claimed for procuring the signature of other property owners to the contract.

Id.—Admission of Pleading—Finding.—When the pleadings admit the assignment of the contract, no evidence or finding upon it is necessary.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

*Ash & Matthews,* for Appellants.

*J. C. Bates,* for Respondent.

SEARLS, C. — This action was brought to recover $907.50 and interest, as follows: $756.25 thereof upon a written contract entered into July 23, 1892, between James Casey and defendants, whereby the former agreed to grade, sewer, curb, macadamize, etc., Laidley street, between Fairmount and Harry streets, San Francisco; defendants agreeing to pay therefor $2.75 per foot for 275 front feet by them owned on said street.

The complaint avers the assignment in writing of the contract by Casey to plaintiff on the third day of October, 1892, and the completion of the work on the twenty-second day of March, 1893, to the satisfaction of, etc.

A second count of the complaint demands $151.25 for work, labor, and services performed and materials furnished to the defendants between January 1, 1892, and April 6, 1893, by said Casey, and avers the assignment of the demand therefor to plaintiff on the seventeenth day of April, 1893.

The answer of defendants does not deny the making of the written contract or its assignment to plaintiff, but avers that the price to be paid was $2 per front foot, and not $2.75, as alleged by plaintiff.

To the second count defendants answer, denying any indebtedness, and aver payment of $151.25, the amount claimed prior to the commencement of the action, and deny that the contract therefor was assigned to the plaintiff.

They further claim by way of answer and counter-claim: 1. That defendant, John P. Poole, was employed by Casey to procure the execution of the contract for the improvements by other parties on the street, and was to receive a commission of five per cent therefor upon the aggregate proceeds of the contract, and also a

deduction of $206.25, to be deducted from the contract price upon the lands of defendants.

As a further counterclaim defendants claim the sum of $787.70 as due them, as follows: $393.88, the amount agreed upon for services of defendant in procuring contract. Also, $151.25 paid to plaintiff's assignor, and being the amount specified in the second cause of action. The sum of $75.72 paid on written order of plaintiff's assignor to C. J. Wesson, and the further sum of $318.10 cash, paid to said assignor at different times on account of the contract.

The court found there was due plaintiff on account of the written contract the sum of $360.75 as a balance after deducting a lumber bill of $75.75, paid by defendants, and an offset of $317.75, settled upon and agreed to by plaintiff on account of payments made by defendants to the assignor of said plaintiff.

Upon the second count the court found in favor of plaintiff for $151.25, less $35 paid on account thereof, leaving a balance due of $116.25. Upon the motion for a new trial' the court required plaintiff to deduct this sum of $116.25, and interest thereon, from his judgment, which was done.

This was all that defendants were entitled to claim, and had they been allowed less, the result would have been justified by the evidence.

John P. Poole, one of the defendants, testified as follows: "The aggregate amount of payments which I made him is $545.07; that includes the cash advanced at different times in the account of $315; lumber bill of $75.72, and bill of $151.25; extra work and notary's fee of $2.50."

Deduct this aggregate of $545.07 from the sum of $907.50, the contract price of the grading, etc., and the $151.25 due for extra work, and with interest added we have substantially the sum for which the judgment now stands.

The claim that there was a verbal agreement that the work for defendants was to be performed for less than $2.75 per front foot was properly rejected, for the reason

that the subsequent written agreement fixing the price superseded all the previous oral negotiations. (Civ. Code, sec. 1625.)

The counterclaim of defendant, John P. Poole, on account of commissions claimed for procuring the signature of other property holders to the contract, was properly denied.

Conceding that it was properly proven, it was an individual demand against Casey, the assignor of plaintiff, and, as such, was not properly interposed in a joint action against the two defendants. (Code Civ. Proc., sec. 438.)

No evidence or finding as to the assignment of the written contract was required, for the reason that such assignment was averred in the sworn complaint and not denied by the answer.

The findings cover all the material issues.

The judgment and order appealed from should be affirmed.

BRITT, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.

Hearing in Bank denied.