[Civ. No. 339. First Appellate District.—June 5, 1907.]

FRED DODD, Respondent, v. H. C. PASCH and ROBERT PASCH, Copartners Under the Firm Name of PASCH BROS., Appellants.

LEASE—FIXED TERM—SPECIFIED RENTAL—PARTIAL RECEIPT—CONSTRUCTION.—A lease bearing date September 25, 1905, and acknowledging receipt from the lessees named of $20 on account of ''old Schien store, at a monthly rental from Oct. 1, of $125 per month for first six months, i. e., to April 1st; of $75 per month for the remainder of the year closing Oct. 1, 1906; $105 due and payable,'' and signed by the lessors, under which the lessees entered October 1, 1905, and paid, is by its terms a fixed lease for one year. The fact that it is in part a receipt is immaterial.

ID.—PAROL EVIDENCE—TENANCY FROM MONTH TO MONTH.—Parol evidence is inadmissible to vary the terms of such lease by showing that

it was leased from month to month, and that the lessor terminated it by notice.

ID.—Essentials of Lease.—The only essentials of a lease are that it shall clearly show the names of the contracting parties, premises leased, the rental, and the term.

ID.—Time of Payment of Rent not Essential.—The time of payment of the rent need not be specified in the lease, for when not stated nor governed by usage, it is fixed by law, by the terms of section 1947 of the Civil Code.

ID.—Signature of Lessees not Essential—Acceptance.—It is sufficient that the lease is signed by the lessor. The signatures of the lessees are not essential; but they manifest their acceptance of the lease by entering under it and paying the rent.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Johnston & Jones, and W. P. Thompson, for Appellants.

Lewis H. Smith, for Respondent.

HALL, J.—Appeal from judgment and order denying defendants' motion for a new trial.

Plaintiff brought this action to recover the possession of certain premises rented of plaintiff by defendants. The complaint was framed upon the theory that the defendants were tenants from month to month and were holding over after one month's notice terminating their tenancy. Defendants pleaded that they leased the premises for one year ending October 1, 1906, and at the trial introduced in evidence in support thereof a writing signed and delivered to defendants by plaintiff in the words following, to wit:

"Fresno, Cal., Sep. 25, 1905.

"Received of Pasch Bros. Twenty and no/100 dollars on a/c of old Schien store at a monthly rental from Oct. 1, of $125.00 per month for first 6 months, i. e. to April 1st; of $75.00 per month for the remainder of the year closing Oct 1, 1906. $105 (one hundred and five) due and payable.

"$20 no/100.                    FRED DODD."

Defendants went into possession October 1, 1905, and paid all rent up to March 1, 1906, at which time they tendered the rent for March, which was refused by plaintiff, he having on February 28th given defendants a notice to surrender possession March 1, 1906.

The trial court, over the objection and exception of defendants, permitted the plaintiff to give testimony of an oral agreement to the effect that he leased the premises sued for, known as the old Schien store, to defendants from month to month, although he admitted that he executed and delivered to defendants the writing above set forth, and that the money specified had been paid.

The court made findings in accord with the theory of plaintiff, and gave judgment accordingly.

Defendants contend that the writing above set forth constituted a written contract of lease for the term of one year ending October 1, 1906, and that no evidence of any oral agreement contrary to the terms thereof was admissible.

Of the correctness of this contention we have no doubt. The instrument clearly shows the contracting parties, the premises leased, the rent and the term, which is clearly one year, ending October 1, 1906. These are all the essential requisites of a lease that need be specified in the contract of lease. Other conditions usually contained in leases are nonessential. The time of payment even need not be specified, for when not stated in the lease nor governed by usage, it is fixed by the law. (Civ. Code, sec. 1947.)

"To constitute a lease no particular form of words is necessary. Whatever words show an intention on the part of the lessor to dispossess himself of the premises, and on the part of the lessee to enter and hold in subordination to the lessor's title, are sufficient." (18 Am. & Eng. Ency. of Law, 605.)

*Munson* v. *Wray*, 7 Blackf. (Ind.) 403, was an action against Mrs. Munson for holding over her term as tenant, brought on the theory that she was a tenant at will or at sufferance. Defendant (Mrs. Munson) gave in evidence an instrument in writing signed by the complainant as follows: "Rec'd of Mrs. Munson $3.50 for rent of my brick house in Covington for one month, with privilege of keeping it six months at the same rate. No. 91 or 95. Dec'r 1st, 1843,"

and proved that it had reference to the premises sued for. The court held it a good lease and that the lessee could not be dispossessed, if she paid the rent, until the expiration of the six months.

In *Eastman* v. *Perkins,* 111 Mass. 30, a writing at the foot of a receipted bill for hay in these words: "Left at stable on Oak street, where Andrew J. Perkins takes possession. Rent to begin October 1, 1870, for one year at $150. John C. Hoadley," was held to be a good lease. The court said: "The memorandum affixed to the bill of parcels expresses the consent of the owner that the defendant should have immediate possession of the stable, and should continue to occupy it at a specified rent and for a definite time. Although brief and informal therefor, it had all the essential elements of a present demise (citing cases). Being accepted by the defendant, it gave him all the rights of a lessee."

In the case at bar, defendants, by paying the rent and entering into possession of the premises, accepted the lease. It was not necessary for the lessee to sign the lease. (Johnson on Landlord and Tenant, sec. 77; Taylor on Landlord and Tenant, sec. 147; 18 Am. & Eng. Ency. of Law, 606; *Castro* v. *Gaffey,* 96 Cal. 421, [31 Pac. 363] ; *Scott* v. *Glenn,* 97 Cal. 513, [32 Pac. 573].) The instrument in question being a valid lease, and unambiguous as to the term of the tenancy, it was error to allow oral evidence that the tenancy was from month to month. (Civ. Code, sec. 1625; *McDonald* v. *Poole,* 113 Cal. 437, [45 Pac. 702].)

The cases relied on by respondents on this question are not in point. In *Kreuzberger* v. *Wingfield,* 96 Cal. 251, [31 Pac. 109], the writing relied on was a mere memorandum so vague and uncertain as not to constitute a contract at all.

The case at bar was not an attempt to explain a clause or term susceptible of two different interpretations (*Williams* v. *Ashurst,* 144 Cal. 619, [78 Pac. 28]), or to prove a collateral parol agreement not inconsistent with the writing (*Sivers* v. *Sivers,* 97 Cal. 518, [32 Pac. 571] ; *Guidery* v. *Green,* 95 Cal. 630, 30 Pac. 786]), but a bald attempt to contradict the terms of the written contract.

Neither can the action of the trial court be sustained on the theory that the writing was a receipt, for while it is a re-

5 Cal. App.—44

ceipt, it is also something more.  It is a contract of lease of the premises described for the term of one year.

The judgment and order are reversed.

Cooper, P. J., and Kerrigan, J., concurred.