[Civ. No. 5479.   Second Appellate District, Division One.—May 31, 1928.]

RESUL CHAIN, Respondent, v. ALEXIS EHRMAN et al., Appellants.

Joseph C. Meyerstein and W. B. Beaizley for Appellants.

Harvey & Heard, Wiley & Harvey and John W. Heard, Jr., for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff recovered a judgment in the sum of $710.50 which he alleged was due as rent for certain premises in the city of Bakersfield. From this judgment defendants appeal. The Bakersfield Tobacco Company occupied the premises in question in the first instance under a lease executed on January 22, 1922, for a period of two years from February 15, 1922. This lease, which was signed by Gustave J. McGregor, then a partner of the Ehrmans in the company, contained a provision giving the lessee an option of renewal. The defendants Ehrman became successors to the interest of McGregor in the affairs of the Bakersfield Tobacco Company, which was a copartnership having its principal place of business in the city of San Francisco. On January 9, 1924, a new lease was executed by plaintiff's assignor as lessor and the Bakersfield Tobacco Company as lessee, for a period of two years from February 15, 1924, at a monthly rental of $100 per month with option of renewal on the part of the lessees. This lease provided $300 should be paid at once for the first three months, and receipt of this sum was acknowledged in the lease. The instrument was signed, "Bakersfield Tobacco Co., By H. J. Freyschlag." It was established that Freyschlag was general manager of the company at Bakersfield and that he reported to defendants the payment of the advance rent of $300 by a monthly trial balance. Defendants continued in the occupation of the premises after the expiration of the term fixed in the lease executed January 22, 1922, and until about November 15, 1924, at which time they removed therefrom. The judgment recovered by plaintiff is for rent due after November 15, 1924, under the lease dated January 9, 1924.

Defendants denied that they had executed the lease, claiming that Freyschlag was not authorized to sign for the company. They relied upon subdivision 5 of section 1624 of the Civil Code, which provides that an agreement for the leasing of real estate for a period longer than one year must be in writing, and if a written agreement be signed by an agent the authority of the agent must be in writing. Since it was not established that Freyschlag was authorized in writing, defendants contend that they were tenants at sufferance. Plaintiff claims that defendants oc-

cupied the premises under the new lease and made payments in accordance with its terms and with knowledge thereof. It is contended that defendants thereby ratified the lease and are estopped from denying liability thereunder. The implied finding of the trial court is in conformity with plaintiff's contention and is supported by the evidence. Defendants knew the date of the expiration of the first lease; that they had an option to renew it and that in February, 1924, their general manager paid three months' rent in advance on the new lease. Under these circumstances the trial court was justified in holding that defendants accepted the lease, occupied the premises thereunder and thereby ratified the action of their agent. In *Castro* v. *Gaffey*, 96 Cal. 421 [31 Pac. 363], the court said: "A lease signed by the lessor and *accepted* by the lessee has the same force and effect as it would have if signed by the lessee. . . . We do not doubt that if they had accepted the lease as it is, and had occupied the premises under it, the law would imply a promise to pay the rent reserved, although neither of the lessees had signed the lease." In *Hefferman* v. *Davis*, 24 Cal. App. 295 [140 Pac. 716], it is said: "It seems to us, however, that if, as was sought to be shown, defendant entered into possession of the land and held that possession under the lease, he is estopped to aver its invalidity and that, as he cannot be heard to challenge its validity, the action may be maintained upon it." (*Wharf & Lighter Co.* v. *Simpson*, 77 Cal. 286 [19 Pac. 426]; *Dodd* v. *Pasch*, 5 Cal. App. 686 [91 Pac. 166].) ■ Defendants cannot escape liability under the claim that plaintiffs did not prove direct knowledge on their part of all the facts concerning the lease. The circumstances were such as to put them on inquiry as reasonable men. In *Ballard* v. *Nye*, 138 Cal. 588 [72 Pac. 156], the court used this language: "Where the situation naturally and reasonably suggests that some inquiry or investigation should be made, and none is made, the person failing to make it will be deemed in law possessed of such facts as the inquiry would have disclosed." (Mechem on Agency, sec. 148; *Phillips* v. *Phillips*, 163 Cal. 530 [127 Pac. 346]; *Hutchinson* v. *Gould*, 180 Cal. 356 [181 Pac. 651]; *Ford* v. *Lou Kum Shu*, 26 Cal. App. 204 [146 Pac. 199].)

It is further contended by defendants that if plaintiff intended to claim that they were estopped from denying the invalidity of the lease, allegations to that effect should have been made in the pleadings. Plaintiff answers this contention by pointing out that it is alleged in the complaint that "thereupon and in accordance with the terms of said lease, said defendants entered into possession of said premises." A further answer to the contention of the defendants is found in their failure to make objection at the trial on the ground of defect in the pleadings to evidence tending to show estoppel. The case was tried on the theory that the question of estoppel was at issue and sufficiently pleaded. In *Carpy* v. *Dowdell,* 115 Cal. 677 [47 Pac. 695], the court said: "Respondent makes some contention . . . that estoppel cannot be relied on by appellants because it was not pleaded in the answer . . . Moreover, there was no objection at the trial to evidence of the facts on the score of defective pleading; and the rule is well established that such a course is a waiver of a defect in pleading." (*Beardsley* v. *Clem,* 137 Cal. 328 [70 Pac. 175].)

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 26, 1928.