ENRIQUE BÁEZ GARCÍA, Plaintiff and Appellee, *v.* ALEJANDRINA HONORÉ RIVERA, ETC., ET AL., Defendants and Appellants.

No. 7999. Argued June 12, 1939.—Decided February 1, 1940.

*Pascasio Fajardo Martínez* for appellants. *Enrique Báez García pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellee moves to dismiss the present appeal for reasons stated as follows:

Defendants filed their notice of appeal April 1, 1939. In a motion filed April 3, they stated that they would have recourse to a statement of the case and, in order that they might prepare the same, they would need a stenographic transcript. The motion was for an order directing the stenographer to prepare and deliver the transcript. The court granted this motion April 10, and ordered that a transcript be made.

In another motion filed April 3 appellants set forth: that they had filed a motion indicating that they would need a

statement of the case for the prosecution of their appeal and requesting an order that the stenographer should prepare a transcript for use in the preparation of a statement of the case; that by the terms of Act No. 4, approved March 18, 1925, the said statement of the case should be filed within ten days after the filing of te notice of appeal April 1, and this period would expire April 10; that the stenographer had notified counsel for appellants that he would not be able to furnish the transcript before the middle of May; and that, since there was much documentary evidence, counsel would require at least fifteen days within which to prepare a statement of the case. The motion was that the stenographer be granted an extension of time within which to make and deliver the transcript. The court granted the stenographer an extension to expire May 15 within which to make the transcript.

Act No. 4, entitled "An Act to amend section 356 of the Code of Criminal Procedure, and for other purposes", approved April 18, 1925 (Session Laws 108) governs appeals from judgments rendered in criminal cases.

The time within which a statement of the case might have been filed expired April 11. Appellants had not applied for any extension of time within which to file such statement as required by section 299 of the Code of Civil Procedure, as amended in 1919. Appellants, May 15, filed a motion entitled "Motion for extension within which to file a statement of the case". In this motion they stated: That they had requested that the stenographer be ordered to make a transcript of his stenographic notes in order that appellants might prepare a statement of the case and had requested an extension of the statutory period; that the court had given the stenographer until May 15, 1939; that counsel for appellants had urged the stenographer to make and deliver the transcript which he had not done and the time was about to expire. The motion was for a second extension of thirty days from May 14 to expire June 13 within which to prepare

and deliver to counsel for appellants a transcript of the stenographic notes. The court granted this motion.

No transcript of the record had been filed in this court within thirty days after filing the notice of appeal.

Appellants oppose appellee's motion on the following grounds:

Appellants had moved that the stenographer be required to make a transcript in order that appellants might prepare and file a statement of the case. Two extensions for that purpose had been requested and granted. These extensions had not expired. Appellants had been diligent. The extension granted the stenographer was the equivalent of an extension of the time within which appellants might file their statement of the case. The purpose of an appeal justifies this view. The essential requisites are that an appellant should be diligent in prosecuting the appeal and keep within the statutory periods. If an appellant does this, it is immaterial whether an extension is requested for the stenographer or for appellant, since the law does not specify who shall request an extension or to whom it shall be granted and the question is not jurisdictional. In any event, appellants as soon as the matter was brought to their attention had duly supplied the omission.

In a motion filed in the district court, appellants had explained: that through inadvertence in their first motion they had stated that they would adopt the procedure indicated in Act No. 4, approved April 18, 1925, when as a matter of fact, the said act regulates appeals in criminal cases, while the act governing appeals in civil cases was the Act No. 70, approved March 9, 1911; that likewise through inadvertence, appellants in the said motion had omitted expressly to request an extension of the time within which to file a statement of the case and had limited their application to a request for an order that the stenographer be required to make a transcript of his stenographic notes, thereby giving rise to a defect in the order of April 10 in this respect and.

to like curable defects in the subsequent motions and orders; that the omissions and inadvertences were mere informalities which when recognized might and should be corrected by the courts in furtherance of justice and due procedure in accordance with the purposes of such procedure; that in view of the purposes of the present appeal and the law governing the same, and from the wording of the motions in question and the orders resulting therefrom, these orders should be construed as directing the stenographer to make a transcript of his stenographic notes and to deliver the same to counsel for appellants within the statutory period or any extension thereof or of the time within which to file a statement of the case; that the prosecution of the appeal should be permitted under the act authorizing appeals in civil cases, instead of the act governing appeals in criminal cases as mistakenly announced in the first of the motions filed by appellants.

In this motion appellants—in accordance with section 140 of the Code of Civil Procedure, on authority of *Domínguez* v. *Fabián,* 35 P.R.R. 288, in view of the diligence displayed in the prosecution of their appeal and in obtaining extensions in due time, of the disbursements made, and of the considerable amount involved—had requested an order *nunc pro tunc* providing, in the exercise of the inherent power of the court and in accordance with section 140 of the Code of Civil Procedure, that each and all of the said motions and orders be deemed to have been amended so as to read that appellants would have recourse to the said Act of 1911, and that the extensions granted were for the filing of a statement of the case and not for the stenographic transcript as therein stated. The action taken by the district court as a result of this motion would appear from a certified copy of the court's order.

The district court, after reciting the facts substantially as set forth in appellant's motion, invoked in support of its action not only the inherent power of the court to correct.

its own records but also the powers conferred by section 140 of the Code of Civil Procedure. The order provided that the orders of April 10 and the order of April 15 should be understood as having been made *nunc pro tunc* so as to direct the stenographer to make a transcript of his stenographic notes and so as to grant extensions of time to appellants within which to file their statement of the case—it being understood that appellants have recourse to Act No. 70, approved March 9, 1911, and not to the act regulating appeals in criminal cases.

It may be conceded that this order cannot be sustained as a mere *nunc pro tunc* correction of a clerical mistake in the previous orders. For the purposes of this opinion, it may be conceded also that the previous orders can hardly be construed as extensions of time within which to file a statement of the case. The question is whether the district court under section 14 of the Code of Civil Procedure had the power to relieve appellants from the effect of these orders considered as extensions of the time within which the stenographer was required to transcribe his notes and to deliver a copy of the transcript to counsel for appellants.

In *Pardo* v. *Pardo,* 19 P.R.R. 1125, a majority of this court, as constituted in 1913, held as stated in the headnotes, that:

"The provisions of our statute regarding the time for filing a statement of the case must be construed strictly.

"Section 140 of the Code of Civil Procedure does not authorize a district court to admit a statement of the case after the legal period has expired. The word 'proceeding' to which the said section refers is a proceeding in the trial court and does not include proceedings for perfecting an appeal."

The opinion points out certain insignificant differences between our Code of Civil Procedure and the California Code. Neither these slight differences nor any disposition on the part of this court "to speed the consideration of the causes before it" furnish a sufficient reason for refusing to

follow the construction placed on the California statute prior to the date of its adoption by our Insular Legislature.

There is more force in other parts of the opinion as applied to the facts then before the court. The district court in a suit for divorce had dismissed the complaint and a cross complaint. Both parties appealed. The husband had filed in this court a transcript of the record including a statement of the case duly approved by the district judge. The wife had filed no transcript and apparently had done nothing in the district court after filing her notice of appeal. Until a motion to dismiss her appeal was filed, she had relied entirely on the statement of the case and the transcript of the record prepared and filed by her husband. As far as she and her appeal were concerned, there had been no motion, order or proceeding in the district court subsequent to the filing of her notice of appeal.

It was in these circumstances that a majority of this court said:

". . . The failure of a party to present a statement of the case in time is not a 'judgment or order or other proceeding taken against him.' The proceeding would evidently be something in the nature of an order, judgment or decree."

This statement disposed of the case. Other expressions of opinion were *obiter dicta*. It was superfluous to say that: "The Supreme Court of California in the attempt to comply with the supposed spirit of the law violated its letter" and "the whole spirit of section 140 shows that the proceeding was one that might arise in the exercise of the lower court's ordinary jurisdiction and does not apply to proceedings to perfect an appeal."

Mr. Justice Del Toro concurred in the judgment. Mr. Justice MacLeary took no part in the decision.

Majority opinions in subsequent cases follow the *dicta* in *Pardo* v. *Pardo*. They add but little to what was said arguendo in that case. See: *Fajardo Sugar Co.* v. *Santiago*

*ct al.* (decided on the same day); *Ex parte Deliz et al.* v. *Franco,* 21 P.R.R. 498; *Díaz* v. *P. R. Ry. Light & Power Co.,* 32 P.R.R. 89; Id. id. 336; *Brown* v. *Peña & Balbás,* 35 P.R.R. 443.

In *Alvarez et al.* v. *District Court,* 36 P.R.R. 834, this court, speaking through Mr. Chief Justice Del Toro, said:

"This court had held repeatedly that section 140 of the Code of Civil Procedure is not applicable to a case like the present, and therefore the district court had no discretion to grant a new ex- tension.

"It will be sufficient to cite the case of *Díaz* v. *P. R. Ry. Light & Power Co.,* 32 P.R.R. 336, where it was said:

" 'The grounds of our dismissal have been set forth in a previous opinion, citing the case of *Pardo* v. *Pardo,* 19 P.R.R. 1125.

" 'In the same volume in the case of *Fajardo Sugar Co.* v. *Santiago,* 19 P.R.R. 1129, we reiterated our holding that section 140 of the Code of Civil Procedure had no application to bills of exceptions and the like and we also drew attention to the fact that section 229 of the Code of Civil Procedure as amended in 1911 was dissimilar to any provision of the Code of Civil Procedure of California.

" 'Counsel now urge upon our attention the theory that section 140 of the Code of Civil Procedure was taken from California and hence presumptively with the interpretation put upon it by that State. We discussed some of the differences of practice in *Pardo* v. *Pardo, supra.* We may add that the rule of construction invoked is subject to a number of exceptions and one of them is when the construction given in the State of origin is in conflict with the obvious meaning of the statute. *Whitney* v. *Fox,* 166 U. S. 637, 647. As we pointed out in *Pardo* v. *Pardo, supra,* the Supreme Court of California did not follow the obvious meaning of the words used. Moreover, by appeal it is the Supreme Court of Porto Rico that acquired jurisdiction over a case and when an extraordinary privilege is invoked it is this court that has the power to grant it, supposing the power exists. The court below specifically is given only the right to extend the time. It is given no power to create a new term.'

"The opinion of this court on the matter has been upheld always by a majority vote, Mr. Justice Hutchison and I dissenting.

"In an opposition presented by the adverse party in the original action it is amply argued in support of the power of the district

court and citation is made of several California cases. However, a majority of the court who have reaffirmed their opinion in still more recent cases, have not been won over to a change of mind and as it stands there can only be one decision; that is, to set aside the order of the 5th of March, as it was rendered without jurisdiction.''

In *Machuca* v. *Municipality*, 41 P.R.R. 656, we said:

''The decisions of this Court on this point hold that district courts have no power in cases such as this to grant new extensions and that such power resides in the Supreme Court.''

In *Garcia* v. *Palatine Insurance Co. Ltd.*, 42 P.R.R. 950, 951, we said:

''Even if the lower court had a discretion under section 140 of the Code of Civil Procedure—and this Court has held to the contrary in *Pardo* v. *Pardo*, 19 P.R.R. 89—this discretionary power, as we have held, was not invoked in this case.''

Since these cases were decided, the personnel of the court has been changed. The question is now presented for the first time before the court as now constituted. After further consideration and discussion we have come to the conclusion that the cases heretofore decided should be overruled.

In 8 Bancroft's Code Practice and Remedies 9027, section 6823, we read:

''A party may be relieved from his default in failing to serve, file or present a bill of exceptions within the time prescribed under a statutory provision authorizing a court, upon such terms as may be just, to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. The authority to grant relief conferred by the statute may be exercised only when it is set in motion by an application supported by a showing of mistake, inadvertence, surprise or excusable neglect, upon which the court can base findings for or against the application; a mere statement by way of conclusion in an affidavit that counsel's failure to obtain an extension of time was due to inadvertence and excusable neglect is insufficient to invoke the jurisdiction of the court.

''Any doubt that may exist should be resolved in favor of the application, to the end of securing a hearing upon the merits, pro-

vided a proper showing under the statute has been made, and an appellate court will be less inclined to reverse an order granting than one refusing such an application. But the trial court's discretion should be based upon its own fair and reasonable inferences drawn from the showing of actual facts in the particular case before it. The relief may be granted upon conditions.''

In 4 C.J.S. 1364, section 869, it is said:

''Relief from a failure to present a bill of exceptions within the prescribed time may be granted by the trial court, upon a proper and timely application therefor, and a showing that such failure was due to mistake, inadvertence, surprise, or other excusable neglect.

''After the expiration of the statutory time for filing a bill of exceptions for settlement, without a bill having been filed, further time therefor cannot be granted, under some statutes, until appellant has been relieved from the default by order of the trial court, upon an application therefor and a showing by affidavit or proof of a good cause for the relief, upon which the court can base findings for or against the application. The application must be made within the time prescribed by statute after the default, and due notice thereof must be served on opposing counsel; and it has been held that such relief will not be granted after the time for appeal has expired.

''An application for such relief is addressed to the trial court's sound discretion, the exercise of which should be based on its own reasonable inferences from a showing of the actual facts in the particular case, and which, in the absence of manifest abuse, will not be disturbed by the appellate court.''

Section 293 of 2 Cal. Jur. 563, reads:

''Section 473 of the Code of Civil Procedure provides as follows:

'' 'The court may, . . . upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.'

''Under this section the rule is now well established that it is entirely within the power of the trial court, upon application in that behalf made within the proper time and upon a sufficient showing, to relieve a party from the effects of his mere failure to serve his proposed bill of exceptions within the prescribed time, where objec-

tion to the settlement is made on that ground, and thereupon to settle the bill. In appropriate cases, the lower court may make its order of relief conditional. If a motion for relief from default has not been made, but is merely contemplated, it cannot be said that there is a proceeding pending for such relief.

"The question as to whether the facts are such as to warrant relief, under section 473 of the Code of Civil Procedure, from delay in serving or presenting a bill of exceptions, is primarily one for the trial court, and that court is vested with a large discretion in such matters, although its decision in this regard is appealable. Consequently, an order granting such relief will not be disturbed on appeal unless it clearly appears that the court or judge was guilty of gross abuse of discretion in making it. While the correctness of the ruling may be doubted, nevertheless an appellate court will not substitute its own opinion and thereby divest the trial court of that discretionary power reposed in it. This is true whether the application be granted or denied. Indeed, in cases of doubt, the court ought to resolve the doubt in favor of the application, so that the full merits of the litigation may be presented. Furthermore, since a large discretion is vested in the trial court, the appellate court will not command it to grant relief by use of a writ of mandate."

In section 6832 of Bancroft's Supplement, we learn that:

"In California the later decisions have modified the former rule, and it is now settled that the act of the trial court in certifying the record is the equivalent of relief, under sec. 473 of the Code of Civil Procedure, from default in serving and filing a bill of exceptions."

In California "a settlement of a bill of exceptions is a 'proceeding' within the meaning of the provisions of section 473". *Pollitz* v. *Wickersham*, 150 Cal. 238; *Lukes* v. *Logan*, 66 Cal. 33.

In *Leavitt* v. *Conturier*, 23 Pac. (2d) 1101, the Supreme Court of Utah said:

"It is the settled law in this jurisdiction that a district court may, pursuant to the provisions of Comp. Laws Utah 1917, sec. 6619, upon proper application and showing, relieve a party from default in failing to keep alive the time in which to prepare, serve, and file a bill of exceptions."

In *Morgan* v. *Oregon R.R. Co.*, 74 Pac. 523, the same court said:

"The questions to be considered upon this appeal are presented through a bill of exceptions, and the respondent has interposed a motion to strike out the bill upon the ground that the same was not served upon counsel for the plaintiff within 30 days from the time of the overruling of the motion for a new trial, as provided by statute. Section 3286, Rev. St. 1898. It is insisted that the court had no authority to settle and allow the bill, and relieve the appellant from the consequences of its failure to serve the bill in time, the same not having been served until 32 days after overruling the motion for a new trial. The appellant contends that the court had the power, under section 3005, Rev. St. 1898, to grant the relief. That section, among other things, provides: 'The court may, in furtherance of justice. . . upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.' This provision in express terms confers power upon a court to relieve a party from any 'proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.' Within the meaning and intent of the provision, a settlement of a bill of exceptions is a proceeding in an action, and so is also an objection to such bill, and a motion to disregard it on the ground that it was not served upon opposite counsel within the time specified in the statute. The court therefore had the discretionary power to grant the relief sought upon a proper showing having been made therefor; and we think the showing made herein was sufficient to entitle appellant to the relief granted. There is nothing to show an abuse of discretion on the part of the court. The discretion in this case was manifestly exercised in accordance with the terms and spirit of the statute and this court will not interfere therewith. The Supreme Court of California, as to a similar provision of statute, has ruled likewise. *Stonesifer* v. *Kilburn*, 94 Cal. 33, 29 Pac. 332; *Scott* v. *Glenn*, 97 Cal. 513, 32 Pac. 573."

See also *Davis* v. *Lynham*, 247 Pac. 294.

From the opinion in an Idaho case, *Richardson v. Bohney*, 109 Pac. 727, we take the following extract:

"The question is therefore presented to this court whether the judge abused his discretion in refusing to settle said bill of excep-

tions. The court having found that said bill of exceptions was not served in due season by reason of the mistake, inadvertence, surprise, and excusable neglect of the attorneys for the defendant, we think it was then the duty of the court to settle and allow the bill. This court held in *Sandstrom* v. *Smith*, 11 Idaho 779, 84 Pac. 1060, that the showing there was not sufficient under the provisions of section 4229, Rev. Codes, to bring the appellant within its provisions, thus intimating that, if the showing had been sufficient, it would have come within the provisions of said section. However, in that case, the question as to whether a proceeding to settle a bill of exceptions came within the provisions of said section 4229 was not raised. Section 473 of the Code of Civil Procedure of California is identical with said section 4229, Rev. Codes, and in several California cases the Supreme Court of that state has held that a settlement of a bill of exceptions is a proceeding within the meaning of the provisions of that section. *Pollitz* v. *Wickersham*, 150 Cal. 238, 88 Pac. 911; *Lukas* v. *Logan*, 66 Cal. 33, 4 Pac. 883. We think the preparation and settlement of a statement or bill of exceptions is a 'proceeding' within the meaning of the provisions of said section 4229, and its provisions apply to the preparation and settlement of a statement or bill of exceptions. That being true, and the court having found that the failure of appellants to serve their bill of exceptions within the time stipulated was by reason of mistake, inadvertence, surprise, and excusable neglect of one of the attorneys for defendants, the court erred in not settling said bill and the order refusing to settle the same must be reversed and the cause remanded. If the trial court through inadvertence made a mistake in said order, it had the right to correct it so long as it had jurisdiction of the matter; but, when the order was appealed from, the court lost jurisdiction, and will have no jurisdiction until the case is remanded from this court.''

The district court, under Section 140 of the Code of Civil Procedure, had the power to excuse the failure of appellants through mistake, inadvertence, and neglect to request—in their motions for an order directing the stenographer to make and deliver a transcript and for extensions of time within which to make and deliver such transcripts—an extension of time within which to file a statement of the case. It also had the power to relieve appellants from the effect of the orders directing the stenographer to make and

deliver a transcript and extending the time within which the stenographer was to make and deliver such transcript, without extending the time within which appellants might prepare and file a statement of the case.

Appellee's motion to dismiss the appeal must be denied.

Mr. Justice Wolf dissents from the opinion, although he concurs in the decision on different grounds.