Dwight Braman vs. Clarence C. Dodge, Appellant.

Hancock.   Opinion April 7, 1905.

*Landlord and Tenant.   Lease signed by Landlord alone.   Intent of Parties.
Waiver.   R. S., c. 75, § 13.*

The owner of real estate may transfer his land by a lease signed by him
alone.

This is true even though such lease contains an independent covenant for
execution by the lessee, where the evidence shows that it was the inten-
tion of the parties it should take effect as a lease, without being signed by
the lessee, and that the lessee's execution of such covenant was waived by
the lessor.

On motion by plaintiff.   Overruled.

Forcible entry and detainer.   The action was brought originally
in the Ellsworth Municipal Court where judgment was rendered for
the plaintiff.   The defendant appealed.   Under the provisions of R.
S., chapter 96, section 9, a writ of possession was issued and the
plaintiff took possession of the premises.   The appeal was tried at
the October term, 1904, of the Supreme Judicial Court, Hancock
County, and the verdict was for the defendant, and under the provi-
sions of the aforesaid chapter and section, the jury assessed damages
for the defendant in the sum of $183.00 for having been kept wrong-
fully out of his possession.   The plaintiff then filed a general motion
for a new trial.

The case is sufficiently stated in the opinion.

*Hale and Hamlin*, for plaintiff.

*L. B. Deasy*, for defendant.

Sitting:   Wiswell, C. J., Emery, Whitehouse, Strout,
Savage, Powers, JJ.

Powers, J.   Action of forcible entry and detainer against an
alleged disseizor.   The issue at the trial was whether the defendant
had a lease of the premises.   There was testimony on the part of the
defendant to the following effect:   The plaintiff had a lease in two

parts prepared by his attorney who sent one part to the plaintiff in
New York, and the other to the defendant who was living on the
premises in Sullivan; that the plaintiff signed the part received by
him and sent it to the defendant. The lease contained a covenant
that the defendant should keep the buildings insured, and the defend-
ant refused to sign it in that form. Thereupon the plaintiff told him
to scratch it out, which he did, in the presence of the plaintiff, in the
part received by the defendant from the plaintiff's attorney, and then
and there signed and delivered that part to the plaintiff, who accepted
the same and permitted the defendant to remain in possession of the
premises for a long time thereafter without any objection. The part
of the lease held by the defendant, containing the insurance clause,
was signed by the plaintiff alone; and the part held by the plaintiff,
containing no insurance clause, was signed by the defendant alone.

The evidence was conflicting but the jury were justified in finding
the facts as claimed by the defendant. Upon these facts it was com-
petent for the jury to find that the minds of the parties met; that
there was a waiver on the part of the plaintiff of the execution by
the defendant of any covenants other than those contained in the part
of the lease executed by him; and that it was the intention of the
parties that the part held by the defendant should take effect as a
lease. The insurance clause therein contained, which in the inception
was intended for execution by the defendant, was an independent
covenant and its execution might be waived by the plaintiff.

The defendant invokes section 13, chapter 75, R. S., which pro-
vides that no estate greater than a tenancy at will, can be created
unless by some writing signed by the grantor. The lease under
which the defendant claims, however, was not the paper which the
plaintiff did not sign but the one which he did sign, and which he
permitted the defendant to retain. The plaintiff did not ask the
defendant to sign this part, which contained the insurance clause, but
accepted the other part with the insurance clause struck out in the
plaintiff's presence and by his direction before it was signed. He
permitted the defendant to remain in undisturbed possession of the
premises, and long after, in speaking to the defendant of the writing
held by him and signed by the plaintiff, he referred to it as "the other

lease." The defendant neglected to erase the insurance clause in that part of the lease which he held. Its exact terms do not appear. The only testimony was that it said the defendant should insure the buildings. At the time of the trial the plaintiff had obtained possession of both parts of the lease and produced neither. It was admitted that it was "an ordinary lease." Under these circumstances the jury might well find that the grant of the estate was unconditional, and the covenant in regard to insurance an independent one which might be waived. The owner of real estate may transfer his land by a lease executed by him alone, and the lease will be effectual although it contains covenants for the execution of the lessee by signing and sealing but is not in fact signed by the latter. The lessor may waive the covenants on the part of the lessee. *Libby* v. *Staples,* 39 Maine, 166.

In *Wilson* v. *Prescott,* 62 Maine, 177, cited by defendant, the lease was not signed by the party whom it was attempted to bind by it. In the case before us the plaintiff is bound by the lease which he signed, and if the defendant had signed the insurance covenant he would have been bound by that. Not having signed it he is not bound by it. It being an independent covenant the execution of which was waived by the plaintiff, such want of execution cannot detract from the binding force of the written grant of an estate signed and delivered by the plaintiff to the defendant in exact conformity to the understanding of the parties at the time.

*Motion overruled.*