[Civ. No. 1659.   Second Appellate District.—May 18, 1915.]

## T. A. BEHRENFELD, Respondent, v. J. W. BREEDLOVE et al., Appellants.

CONTRACTS—ORDER FOR PAYMENT OF MONEY—LIABILITY AS PARTNERS.— In this action to recover money under an agreement to accept and honor an order of a certain party for the amount, it is held that the evidence was sufficient to sustain the verdict against the defendants as copartners.

ID.—EVIDENCE—WHEN ERROR CURED.—Any error committed by the court in permitting a witness to testify that certain store accounts were kept in the general names of the defendants was cured by the subsequent testimony of the same witness, where he retracted that statement and admitted his mistake.

ID.—INTOXICATION OF WITNESS—CROSS-EXAMINATION.—In such a case the matter of discretion was involved in the court refusing on cross-examination of a witness to allow opposing counsel to ask how many drinks the witness had had on the day referred to in his testimony, and where the witness had already stated that he was not intoxicated at the time, the examination might properly have been considered by the trial judge as being beyond the limits of a reasonable cross-examination.

ID.—EVIDENCE—PROOF OF CONTRACT—FAILURE TO IDENTIFY SIGNATURE. There was no error in admitting in evidence the contract under which plaintiff's assignor performed work, although the signature of one of the defendants thereto had not been identified, where it was admitted in all the testimony that the particular contract was one under which the work was done and the defendant, whose signature was not identified, at no time contended that this contract did not express the agreement correctly or that it was not so made.

ID.—ADMISSION OF EVIDENCE—INSTRUCTIONS.—It is held that there was no error in the admission of evidence or in the instructions to the jury and that the evidence was sufficient to sustain the verdict and judgment.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Dan V. Noland, and J. S. Larew, for Appellants.

Conkling & Brown, for Respondent.

JAMES, J.—Plaintiff brought this action to recover from defendants Breedlove an amount of money claimed to have been earned by defendant Irvine, the assignor of plaintiff. The defendants Breedlove, it was alleged in the complaint, incurred the indebtedness to Irvine as copartners. On plaintiff's motion the action was dismissed as to Irvine, and the trial proceeded against the defendants Breedlove, the verdict being in favor of the plaintiff and judgment followed in accordance therewith. Notice was given that from this judgment the defendants Breedlove appealed. A statement on motion for a new trial was settled and the motion being presented to the court was denied. We do not find in the record any notice of an appeal purporting to have been taken from the order denying the motion for a new trial, but as the errors assigned are reviewable upon the appeal taken from the judgment, the points as made by appellants may be all considered.

It is contended that the evidence was insufficient to support the verdict.

In the year 1912, R. D. Breedlove held a subcontract for the doing of certain work under the supervision of the Reclamation Service of the United States. While the written contract was taken by R. D. Breedlove in his own name, there was associated with him in some capacity in the doing of the work his son, J. W. Breedlove. Irvine's contention, as also that of this plaintiff, was that Breedlove and son were copartners in the doing of the work and liable as such. In March, 1912, at the solicitation of Irvine, a notice was issued to this plaintiff, addressed to Yuma, Arizona, in the following words: "I will accept and honor an order from Geo. R. Irvine to be held out of his estimate and paid to you, amount not to exceed $1000.00." This notice was signed by J. W. Breedlove only. Immediately thereafter Irvine issued to J. W. Breedlove an order directing him to pay to this plaintiff the sum of nine hundred and fifty dollars on account of money which he (Irvine) might be entitled to under his subcontract. The major portion of the nine hundred and fifty dollars was ad-

vanced by the plaintiff subsequent to the time that he received the notice from J. W. Breedlove and subsequent to the time that J. W. Breedlove had notice that the order for nine hundred and fifty dollars was held by plaintiff. If the Breedloves were engaged in a partnership enterprise and the notice and order were intended to relate to the business of their joint engagement, then the fact that but one of the copartners had signed would not affect the right of the plaintiff to recover where the intention appeared to bind the copartnership. This intention would be established by proof of the fact that the parties were dealing on both sides with a partnership matter. While there was positive evidence on the part of the Breedloves that they were not copartners and that J. W. Breedlove had no authority to bind R. D. Breedlove, his father, jointly with him, there was evidence from which the jury might properly have concluded, as they did conclude, that the work which had been let to R. D. Breedlove was handled and performed by a copartnership consisting of J. W. Breedlove and R. D. Breedlove. There was testimony on the part of the witness Bayne that R. D. Breedlove said that he and his son "were taking that contract." There was testimony by Irvine wherein he said, referring to the time when his contract was first written up, "Mr. R. D. Breedlove was there and he said that I would have to have J. W. Breedlove's signature. He said it would have to have his signature on it as he was connected with the work also." He further testified as follows: "R. D. said I was to have J. W. sign, as he was connected with it." The plaintiff testified in part as follows: "In my talk with J. W. Breedlove he was in partnership in the concern. He owned as much of the company as the old gentleman did." This witness gave other testimony tending to show that John Breedlove had promised to pay the money as soon as funds were secured from property of an estate. The money referred to as being due from the estate was due on account of the Breedlove contract with the original contractor in the reclamation matter. There was other testimony supplying proof of circumstances which in their nature were corroborative of the contention of the plaintiff that there was a copartnership between the defendants Breedlove. This was the principal issue submitted to the jury and there seems to have been sufficient evidence to sustain the finding against appellants.

Any error committed by the court in permitting the witness Bayne to testify that certain store accounts were kept in the joint names of appellants, was cured by the subsequent testimony of the same witness where he retracted that statement and admitted his mistake. A matter of discretion was involved where the court refused on cross-examination of the same witness to allow opposing counsel to inquire as to how many drinks the witness had had on the day referred to in the testimony. The witness had already stated that he was not intoxicated at the time, and the question asked might properly have been considered by the trial judge as being beyond the limits of a reasonable cross-examination. There was no error in admitting in evidence the contract under which plaintiff's assignor performed work. The ground assigned is that the signature of R. D. Breedlove thereto had not been identified. It was admitted in all of the testimony that the particular contract referred to was the one under which the work was done, and R. D. Breedlove at no time contended that this contract did not express that agreement correctly, or that the contract was not so made. The admission in evidence of the first letter written by J. W. Breedlove to Irvine was not error. This letter referred to money which J. W. Breedlove evidently understood Irvine was expecting to be paid to him and constituted an admission against interest. The second letter introduced seems to have been immaterial, but its contents do not disclose any matter which could have prejudiced appellants as to any of their rights. There was no error in denying the motion to strike out the testimony of the witness Bayne given upon cross-examination. The matters complained of were in the main brought out by appellants' counsel, or were matters to which the same counsel had failed to object at the time of their presentation. Several other alleged errors are complained of arising upon the admission of testimony, but none of these require or deserve more particular attention. In the instructions the jury was sufficiently told that it must find that a partnership existed between the Breedloves before it could return a verdict in favor of the plaintiff, and was also told that it could return the verdict only if it found that at the time of and after the receipt by J. W. Breedlove of notice from plaintiff that he held the order of Irvine for the money, there was or became due to plaintiff money, and that the verdict could be only for such money as was at that time,

or subsequently, became due. By the last instruction the jury was required to pass upon the question as to whether in fact there was money due to Irvine, and consequently to plaintiff, which could be made subject to the order issued against it.

There was sufficient evidence to sustain the verdict and judgment and no prejudicial error is shown to have been committed warranting a reversal of the order in this case.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.