[Civ. No. 3903.   Second Appellate District, Division One.—May 10, 1922.]

## HENRY WATKINS, Respondent, v. DOROTHY A. McCARTNEY et al., Appellants.

[1] LANDLORD AND TENANT—WRITTEN LEASE FROM MONTH TO MONTH—FAILURE OF LESSEES TO SIGN — TERMINATION OF TENANCY. — A written lease from month to month providing for termination of the tenancy upon sixty days' notice cannot be sooner terminated, notwithstanding that the lease was not signed by the lessees, where they entered into possession and occupied the premises.

[2] ID.—ACCEPTANCE OF LEASE—LIABILITY FOR RENT—EXECUTION IMMATERIAL. — Where a lease recites that the lessee is to pay a certain sum as rent for the premises, his acceptance of the lease makes him a direct obligor or promisor to pay the rent during his occupation thereof, although he has not signed or executed the instrument.

APPEAL from a judgment of the Superior Court of Los Angeles County. E. A. Luce, Judge. Reversed.

The facts are stated in the opinion of the court.

Howard Prowse for Appellants.

Samuel J. Crawford for Respondent.

SHAW, J.—Action in unlawful detainer. Plaintiff had judgment, from which defendants appeal.

As alleged in the complaint, plaintiff, on September 1, 1920, upon an oral agreement for a monthly tenancy, let the premises in question to defendants at a rental of thirty-five dollars a month, under which defendants took possession thereof. On January 11, 1921, plaintiff served upon defendants a notice that said lease would be terminated and defendants required to surrender and quit possession of the premises at the expiration of the month commencing February 1, 1921, and thereafter, on March 3d, served a three-day notice requiring them to vacate the premises.

By their answer defendants alleged that on October 2, 1920, plaintiff executed and delivered to defendant Dorothy A. McCartney a document reading as follows:

"2659 Ocean Front, Ocean Park, Calif.
"10/2/20.

"It is agreed that Dorothy A. McCartney may keep my property, No. 2711 Ocean Front, Ocean Park, at monthly rental of $35.00 per month, and forty dollars for July and August until a *boni fi*ed sale is made, sixty days notice.

"Received of Dorothy A. McCartney $35.00 rent in full to November 1st, 20.

"(Signed)    HENRY WATKINS."

Under which defendant Dorothy A. McCartney entered into possession of the premises and at all the times occupied the same; and further alleged that it was understood and agreed that said lease should not be terminated by plaintiff, except upon sixty days' notice thereof given to said lessee.

[1] The court found that plaintiff signed and delivered the above-quoted agreement, but that the same was not signed by defendants or either of them, from which, as a conclusion of law, it found that the tenancy was terminated by the written notice of less than sixty days so served upon defendants by plaintiff. In so doing we think the court erred. Since defendant Dorothy A. McCartney entered into possession under the terms of the instrument, her obligation was not affected by her failure to sign the same. [2] Where a lease recites that the lessee is to pay a certain sum as rent for the premises, his acceptance of the lease makes him a direct obligor or promisor to pay the rent during his occupation thereof, although he has not signed or executed the instrument. (Jones on Landlord and Tenant, sec. 77; *Chandler* v. *Hart,* 161 Cal. 405 [Ann. Cas. 1913B, 1094, 119 Pac. 516]; 1 Underhill on Landlord and Tenant, sec. 232.) As we construe the instrument, it constituted a lease made by plaintiff to defendant Dorothy A. McCartney from month to month, subject, however, to termination, not by the giving of the statutory notice of thirty days, which plaintiff expressly waived, but, as provided in the agreement, to be terminated upon sixty days' notice thereof given to her; and, as stated, this provision for sixty days' notice was none the less effectual because of her failure to sign the document. Some effect must be

given to the term "sixty days' notice," and we think it could only have reference to notice terminating the lease. Not only does this fact appear from the instrument itself, but it is made apparent from the circumstances under which the instrument was executed, to wit, the fact that she had previously occupied the premises under a like informal instrument that provided for thirty days' notice, and upon plaintiff refusing to sign an instrument providing for ninety days' notice to quit, the one in question was prepared, providing for sixty days' notice, which he executed. Under the terms of the writing, the term of the lease, while from month to month, could only be terminated by a notice of sixty days, which was not given.

Our decision renders it unnecessary to discuss other points made by appellants.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 6, 1922.

All the Justices concurred, except Wilbur, J., who dissented, and Lennon, J., who was absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.,* was acting.