[Civ. No. 2799.  Third Appellate District.—September 3, 1924.]

## KITTIE L. MUNFORD et al., Respondents, v. C. W. HUMPHREYS et al., Appellants.

[1] LEASES—ACTION TO RECOVER RENT—PAYMENT OF RENT—FINDINGS. In this action to recover the last five monthly installments of rent under a one-year lease, findings to the effect that the first five installments of rent had been paid and that judgment had been recovered for the sixth and seventh installments may be treated as immaterial recitals leading up to the essential findings that the last five installments had not been paid, and so interpreting the findings they are entirely consistent and the only findings upon the question of payments warranted by the evidence.

[2] ID.—SIGNATURE BY LESSEE NOT ESSENTIAL—ACCEPTANCE OF LEASE —HOW MANIFESTED.—It is not essential to the validity of a lease for the purpose of binding the lessee that it be signed by the lessee, provided the lessee accepts the lease and acts thereunder, which acceptance is generally shown by taking possession or by the payment of rent.

1. See 26 R. C. L. 1093.

[3] ID.—NECESSITY FOR SIGNATURE OF LESSOR—ACCEPTANCE.—A lease must be signed by the lessor, but it need not, as a general rule, be signed by the lessee if accepted by him, as his acceptance of the lease not only binds him, but the lessor as well, and obviates the unilateral character of the instrument.

[4] ID.—ACCEPTANCE—CONSENT—EVIDENCE.—To accept a written lease is to consent to the terms thereof, and the physical taking possession or retention of the instrument is merely evidence of such acceptance, or consent.

[5] ID.—ENTRY IN POSSESSION—ACCEPTANCE—EVIDENCE.—While entry into possession is strong evidence of the acceptance of a lease, it is the acceptance, not the entry, which is essential to bind the lessee to the terms of the lease. Entry is not the only evidence by which such acceptance may be proved.

[6] ID.—ACCEPTANCE OF LEASE BY DEFENDANTS—FINDINGS—EVIDENCE. In such action, even if it be conceded as a matter of law that there is sufficient evidence to warrant contrary findings, it cannot be held as a matter of law that the evidence is insufficient to sustain the findings made by the trial court to the effect that the defendants accepted the lease offered and signed by plaintiffs.

[7] ID. — ABSENCE OF SIGNATURE OF LESSEE — COVENANT ON PART OF LESSEE TO MAKE REPAIRS—EFFECT OF.—The lease sued upon in such action, which was not signed by defendants, was not rendered ineffectual because it contained a covenant on their part to make repairs.

[8] ID.—NOTICE—FINDINGS.—In such action, when the trial court found that defendants held the premises under a written lease for one year and not from month to month, it became wholly immaterial whether or not the defendants gave the alleged notice of intention to vacate, or did in fact vacate, the premises at the end of the fifth month of the term of the lease.

---

(1) 33 C. J., p. 1174, sec. 107.   (2) 35 C. J., p. 1152, sec. 410. (3) 35 C. J., p. 1151, sec. 409, p. 1152, sec. 410.   (4) 35 C. J., p. 1156, sec. 421 (Anno.).   (5) 35 C. J., p. 1156, sec. 421.   (6) 35 C. J., p. 1156, sec. 421.   (7) 35 C. J., p. 1152, sec. 410.   (8) 36 C. J., p. 453, sec. 1356.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Miller, Judge. Affirmed.

---

3. Binding effect of lease not signed by lessee, note, Ann. Cas. 1913A, 264.   See, also, 15 Cal. Jur. 616; 16 R. C. L. 563.

4. See 15 Cal. Jur. 617; 16 R. C. L. 566.

6. See 2 Cal. Jur. 921; 2 R. C. L. 204.

8. See 15 Cal. Jur. 802; 16 R. C. L. 610.

The facts are stated in the opinion of the court.

George F. McNoble and Stanley M. Arndt for Appellants.

Nutter, Hancock & Rutherford for Respondents.

FINCH, P. J.—The complaint alleges that ''on or about the 1st day of October, 1922, plaintiffs and defendants entered into a written lease, wherein and whereby plaintiffs leased, let and demised to defendants, for the term of one year those certain rooms designated as rooms numbered 10, 11 and 12 on the second floor of the Mail Building, in the City of Stockton, . . . at a monthly rental of one hundred dollars per month, payable on the 1st day of each and every month, commencing on October 1st, 1922; that . . . defendants paid to plaintiffs herein the monthly rentals accruing thereon, excepting the sum of $100 which became due . . . on the 1st day of March, 1923, and the sum of $100 which became due . . . on the 1st day of April, 1923''; that the plaintiffs recovered judgment for the sum of $200 so remaining unpaid; ''that subsequent to the 1st day of April, 1923, there became due, owing and payable from defendants to plaintiffs herein the monthly rentals for said premises payable on the 1st day of May, the 1st day of June, the 1st day of July, the 1st day of August, the 1st day of September, each of said monthly rentals being for the sum of $100, and the total amount thereof, for said months being the sum of $500; that although demand has been made upon defendants by plaintiffs herein for said sum of $500, they have failed and refused, and continue to fail and refuse to pay the same, and the whole thereof, to-wit, the said sum of $500 is now due, owing and unpaid.'' The prayer is for judgment in the sum of $500.

The answer denies the execution of the alleged written lease and alleges that on the first day of October, 1922, and thereafter until the twenty-eighth day of February, 1923, the defendants were in possession of the premises, ''occupying the same under a month to month tenancy from plaintiffs''; that on the latter day, after the termination of said tenancy by due notice in writing to plaintiffs, the defendants surrendered possession of the prem-

ises to plaintiffs; and that defendants "paid all rent
due for said month to month tenancy up to and includ-
ing the last day of February, 1923."

The findings substantially follow the allegations of the
complaint and judgment was entered thereon in favor of
plaintiffs for the sum of $500. The defendants prose-
cute this appeal from the judgment.

For about eighteen months prior to October 1, 1922,
the defendants occupied the premises under a month to
month tenancy at a rental of $75 a month. In August,
1922, plaintiffs wrote defendants as follows: "Upon investi-
gation of rentals in Stockton, it is found that the amount
you are paying is inadequate. Please take notice that the
rental for the offices you now occupy will be one hun-
dred dollars per month, payable in advance, beginning Oc-
tober first, nineteen hundred twenty-two. Please prepare a
lease for one year in accordance with these terms." Plain-
tiff Kittie L. Munford testified as follows: "Q. Pursuant to
that letter did Humphreys & Matthews prepare the lease
of the premises for a year, from October 1, 1922, to Oc-
tober 1, 1923? A. They did." After the answer had
been given defendants objected to the question on various
grounds, but made no motion at any time to strike out
the answer. The court said: "Objection sustained." If it
be conceded that the question was subject to some of
the objections urged, the fact that defendants prepared
the lease sued on, after receipt of plaintiffs' letter direct-
ing the preparation thereof, was material and would prob-
ably have been shown by further examination of the wit-
ness if the answer had been stricken out. Since the answer
was allowed to stand, it must be given consideration. The
lease was lost after the trial in the justice's court mentioned
in the complaint and prior to the trial herein. The parties
stipulated "that it was a lease dated October 6, 1922, run-
ning from the first day of October, 1922, for one year, re-
ferring to the premises involved in this suit, being in form
one of the printed instruments of lease that is usually pur-
chased at various stationery stores, containing certain con-
ditions which were typed in, one of which was that the
tenant should make all repairs. And it bore the signa-
tures of the plaintiffs herein, but not of the defendants.
... That according to its terms the rental for the prem-

ises was one hundred dollars per month, . . . payable in advance, . . . the payments to begin on October 1, 1922." The plaintiffs signed the lease and left it in the possession of the defendants, who retained possession thereof during their subsequent occupancy of the premises and regularly paid the rental, as therein provided, up to and including that falling due February 1, 1923. On the 10th of January, 1923, the defendants wrote plaintiffs, among other things, saying: "This will inform you that we will move from our present location in the Mail Building about February 15th." Plaintiff Kittie L. Munford testified: "After I received a notice that they were going to move, . . . I called up Mr. Humphreys and told him he had overlooked his lease. He told me that they had not signed the lease. That was the first I knew of it."

Appellants contend that the findings are contradictory and do not support the judgment. The complaint and the findings might have been drafted with greater accuracy of statement, but the meaning and effect thereof are plain. The action is not based upon the alleged justice court judgment in any respect. The defendants appealed from that judgment to the superior court and, by stipulation of the parties, the justice court case and the instant case were there tried at the same time and submitted on the same evidence. It is true that the second paragraph of the findings recites that the defendants paid plaintiffs the monthly rentals accruing under the lease, except those falling due March 1 and April 1, 1923. The next paragraph recites that judgment was recovered in the justice's court for such unpaid rentals. From the findings as a whole it is apparent that in those two paragraphs the court intended to cover the period only from October 1, 1922, to and including April 1, 1923, because in the next paragraph it is found that "subsequent to the 1st day of April, 1923, there became due, owing and payable from defendants to plaintiffs herein the monthly rentals for said premises payable on the 1st day of May, the 1st day of June, the 1st day of July, the 1st day of August, the 1st day of September." Then follows the finding "that there is now due, owing and unpaid from defendants . . . five months' rental at $100 per month, for the months of May, June and July, August and September, 1923." The

answer denies that any rents became due subsequent to the first day of April, 1923, and alleges that defendants paid all rent due "up to and including the last day of February, 1923." There was no contention at the trial that any payments had been made other than as so alleged in the answer. The only issue raised by the pleadings or contested at the trial was whether the defendants were bound by the terms of the alleged written lease. [1] The findings to the effect that the first five installments of rent had been paid and that judgment had been recovered for those falling due March 1st and April 1st may be treated as immaterial recitals leading up to the essential finding that the last five installments had not been paid. So interpreting the findings they are entirely consistent and the only findings upon the question of payments warranted by the evidence.

[2] The fact that the defendants did not sign the lease is not necessarily fatal to plaintiffs' right of recovery. "It is not essential to the validity of a lease for the purpose of binding the lessee that it be signed by the lessee, provided the lessee accepts the lease and acts thereunder, which acceptance is generally shown by taking possession or by the payment of rent." (16 R. C. L. 563.) [3] "A lease must be signed by the lessor. But it need not, as a general rule, be signed by the lessee if accepted by him, as his acceptance of the lease not only binds him, but the lessor as well, and obviates the unilateral character of the instrument." (15 Cal. Jur. 616.) [4] To accept a written lease is, of course, to consent to the terms thereof, and the physical taking possession or retention of the instrument is merely evidence of such acceptance, or consent. In Underhill on Landlord and Tenant, section 242, it is said: "The retention of a lease by the lessee which has been executed by a lessor and sent to a lessee, may, as we have seen, raise a presumption that the lessee accepted it." Appellants contend that the foregoing rule "is only applicable where the tenant entered possession under the lease." [5] While entry into possession is strong evidence of the acceptance of a lease, it is the acceptance, not the entry, which is essential to bind the lessee to the terms of the lease. Entry is not the only evidence by which such acceptance may be proved.

Plaintiffs' letter of August, 1922, was in effect an offer to lease the premises to defendants for a term of one year from October 1, 1922, at a rental of $100 a month, payable monthly in advance. As indicating an acceptance of that offer, the defendants prepared a lease in accordance with the terms of the offer and, after its execution by the plaintiffs, retained possession thereof for three months without any intimation that it had not been accepted. Such conduct of the defendants is wholly inconsistent with their present contention. Defendants also held possession of the premises after the execution of the lease by plaintiffs and regularly paid the increased rental therein provided. If plaintiffs' letter of August, 1922, be treated as a mere notice of increase of rent under the month to month tenancy, then the retention of possession of the premises after October 1st and payment of the higher rental might be referable to such tenancy. But the letter was more than a mere notice of a change of rental. It contemplated a change to a fixed term from the month to month tenancy. The more reasonable inference is that the defendants remained in possession of the premises and paid the increased rental under the terms of the lease. [6] Even if it be conceded that there is sufficient evidence to warrant contrary findings, it cannot be held as a matter of law that the evidence is insufficient to sustain the findings made. The following cases have a more or less direct bearing upon the questions herein considered: *Allan* v. *Guaranty Oil Co.,* 176 Cal. 421 [168 Pac. 884]; *Chandler* v. *Hart,* 161 Cal. 405 [Ann. Cas. 1913B, 1094, 119 Pac. 516]; *Castro* v. *Gaffey,* 96 Cal. 421 [31 Pac. 363]; *Watkins* v. *McCartney,* 57 Cal. App. 643 [207 Pac. 909]; *Lopizich* v. *Salter,* 45 Cal. App. 446 [187 Pac. 1075]; *Dodd* v. *Pasch,* 5 Cal. App. 686 [91 Pac. 166]; *Starwich* v. *Washington Cut Glass Co.,* 64 Wash. 42 [Ann. Cas. 1913A, 262, 116 Pac. 459].

[7] Appellants contend that because the lease contained a covenant on the part of the tenants to make repairs it was not binding upon them in the absence of their signatures thereto. As said in *Chandler* v. *Hart, supra,* even if the plaintiffs might have insisted upon a formal execution by the defendants, there being covenants to be performed by the latter, the conduct of plaintiffs in de-

livering the lease without such formality was a waiver thereof and the lease became at once operative upon its acceptance by the defendants. In *Brannan* v. *Dodge,* 100 Me. 143 [60 Atl. 799], it is said: "The lease will be effectual, although it contains covenants for the execution of the lessee by signing and sealing, but which is not in fact signed by the latter. The lessor may waive the covenant on the part of the lessee."

The answer alleges that on the first day of October, 1922, the defendants were in possession of the premises under a month to month tenancy and continued to occupy the same under such tenancy until February 28, 1923, at which time the tenancy was terminated pursuant to due notice theretofore given. Appellants contend that the court failed to find upon the issue thus tendered. The court found that the parties entered into a written lease as alleged in the complaint and "that it is not true that during the period from October 1, 1922, to February 28, 1923, that defendants occupied the premises described in said complaint under a month to month tenancy, but on the contrary, defendants occupied said premises during said period of time under and by virtue of a written lease being the written lease referred to in paragraph I of these findings." It is not perceived that any further finding was necessary upon the issue in question. [8] When the court found that defendants held the premises under the written lease and not from month to month, it became wholly immaterial whether or not the defendants gave the alleged notice of intention to vacate or did in fact vacate the premises at the end of February, 1923.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.