[Civ. No. 994. Fourth Appellate District.—December 21, 1932.]

J. SCHUMAN et al., Respondents, v. A. G. REILY, Appellant.

W. C. Routhe and A. G. Reily, *in pro. per.*, for Appellant.

William P. Redmond for Respondents.

MORTON, J., *pro tem.*—Plaintiffs brought this action against defendant for specific performance of a remodeling contract embodied in a lease for ten years on a certain building at 3812 Brooklyn Avenue, Los Angeles, California, and for damages of $21,440. The alterations were to be completed within four months from the date of the execution of the lease, December 15, 1928. In accordance with the terms of the lease when executed, plaintiffs, who claimed to be partners, deposited $1500 with defendant, but only one of the partners, J. Schuman, signed the lease at that time. Misunderstanding occurred and defendant gave notice of rescission April 29, 1929, and offered to return the $1500, addressing the notice to the plaintiffs jointly. Plaintiffs refused to accept the rescission and cancellation

of the proposed lease, demanded that it be performed and when defendant refused, filed this action.

Defendant answered and in his cross-complaint alleged damages of $900 incurred for architect fees and $1,000 attorney fees, stating that although he was an attorney this action for damages, etc., had made it necessary to secure additional counsel for his protection.

It appears that when the hearing reached a certain point the trial court held that no recovery could be had on the allegations for damages. By stipulation of the parties the court was authorized to consider and dispose of the $1500 deposit money in its judgment, plaintiffs amending their complaint to conform to the proof. Judgment was rendered in favor of plaintiffs for the $1500 in rescission of the transaction with interest from December 15, 1928, and costs. From this judgment defendant appeals.

■ Appellant contends that the court erred in holding that the respondents were partners in such a way as to bind themselves or the appellant. From the evidence it appears appellant dealt with them as partners, received their money as a deposit by both parties and in all matters addressed them jointly. Apparently the respondents had associated themselves for the purpose of carrying on this contemplated theater business and that is sufficient to constitute a partnership. Therefore both sides were dealing with partnership matter. (*Behrenfeld* v. *Breedlove,* 27 Cal. App. 419 [150 Pac. 71].) In addition, we have the payment of rent by the partners as the $1500 was to be applied to current monthly rent less the deposit of $450 for the rent of the last two months of the lease. Consequently, although Cohen had not signed the lease, he was bound. (*Munford* v. *Humphreys,* 68 Cal. App. 530 [229 Pac. 860].)

■ Appellant questions certain findings made and argues that by reason of the failure of one of the respondents to sign the lease here involved, he was unable to secure the necessary loans to finance the building in question. However, the record shows that after a dispute had arisen between the parties and the respondents had placed the matter in the hands of their attorney, the appellant wrote a letter in which no mention is made of these matters and stating that he had found the project "a good deal bigger job than I had ever anticipated", but in which he stated

he was prepared to go ahead with the building. The evidence supports the findings referred to.

■ Another point raised is that the court erred in refusing to allow the appellant to offset a certain architect's fee in the sum of $900 against the $1500 deposit, the return of which is provided for in the judgment. The record contains the testimony of this architect that the plans upon which this fee was based were completed more than a month before the agreement here in question was entered into.

■ The appellant especially attacks that portion of the judgment which allows interest on the $1500 ordered returned from December 15, 1928, the date of the execution of the lease, to the date of the entry of the judgment. We think this portion of the judgment is erroneous. The record shows that under date of May 1, 1929, the appellant mailed to the respondents a written notice of rescission in which he offered to return the $1500 and ''everything of value received by him in connection therewith'' and ''to do on his part all that is equitable''. And on May 2, 1929, both respondents signed a letter which was sent to the appellant flatly refusing to accept or consider the offer of a rescission or to accept the return of the money, making no objection to the form of the offer and inserting an intention to rely on a suit for damages. It fully appears that the respondents believed at the time that they could recover a large sum in damages, that they relied on this belief, and that they refused to entertain any proffer of the money deposited. The court ruled against them on their claim for such damages, from which ruling they have not appealed. Under the circumstances, we think the respondents can recover no interest after May 2, 1929, the date of their refusal to accept the offer made (Civ. Code, sec. 1504).

The judgment is reversed, with instructions to the trial court to enter judgment in favor of the plaintiffs in the sum of $1500, with interest thereon from December 15, 1928, to May 2, 1929.

Barnard, P. J., and Marks, J., concurred.