[Civ. No. 522.   Fifth Dist.   Feb. 11, 1966.]

KENNETH G. WALKER et al., Plaintiffs and Respondents,
v. WESLEY DORN, Defendant and Appellant.

Walch, Griswold, Braden & Dittmar and S. C. Dittmar, Jr.,
for Defendant and Appellant.

Baum & Aran and Leonard P. Baum for Plaintiffs and Respondents.

STONE, J.—This action arose from a landlord-tenant relationship that began with a written lease in 1952, followed by written renewal leases until June 1, 1958. Plaintiffs-lessors signed and mailed to defendant copies of a written lease covering the period June 1, 1958, through December 31, 1961. At the trial defendant produced two copies of the lease signed by plaintiffs but unsigned by him, and asserted he held possession under an oral lease that varied some of the terms of the written lease. Plaintiff Kenneth Walker testified that defendant returned a signed copy of the lease which he was unable to produce because he discarded it after it expired December 31, 1961.

The trial court ruled that defendant was bound by the terms of the written lease except as to subsequent executed oral modifications.

■ The principal question on appeal is whether the trial court erred in thus taking from the jury the determination whether defendant held the premises under the terms of the written lease, unsigned by him, or under an oral lease.

The first difficulty defendant faced during trial arose from his pleadings. Plaintiffs pleaded the written lease and alleged defendant wrongfully withheld possession of the premises after the lease terminated. Defendant, by verified answer, denied signing the lease, and affirmatively alleged an oral lease between the parties covering the period June 1, 1958, through December 31, 1961, and a subsequent oral lease for the holdover year 1962. However, defendant also pleaded contradictory allegations that admitted the written lease. In answer to plaintiffs' first cause of action, defendant affirmatively alleged: ". . . in addition to his oral lease rights above referred to, he was a tenant of plaintiffs concerning agricultural lands who held over and retained possession of the land described in plaintiffs' amended complaint *after the termination of the lease referred to in plaintiffs amended complaint ending on December 31, 1961,* for a period of more than 60 days after the expiration of the term without demand for possession or notice to quit by plaintiffs being served upon him, . . ." (Italics added.)

In answer to plaintiffs' second cause of action, which alleged the written lease, defendant pleaded as follows: "Answering paragraph III of said second alleged cause of action, admits the allegations thereof except that by an oral agreement made on or about August 1, 1960, when there was a shortage of water to pre-irrigate said land for the 1960-61 barley crop that was to be planted on said land that was grown or to be grown on said land, that was entered into between plaintiffs and defendant the exact time of which was and is known to plaintiffs, *modifying the written agreement referred to by plaintiffs,* . . ." (Italics added.)

As the trial court observed, although these pleadings deny the existence of the written lease, they also admit it and allege subsequent oral modifications. Plaintiffs pointed out the ambiguity and uncertainty in defendant's pleadings, by demurrer and at the pretrial conference. Incredibly enough, the pretrial order, rather than resolving the ambiguity and clarifying the issues before trial, passed the uncertainty

along for the trial judge to unravel. Under the heading "Nature of Case," the order recites: ". . . it cannot be ascertained by plaintiffs the exact allegations of the complaint which defendant attempts or purports to deny or to admit, nor can plaintiffs ascertain defendant's theory of defense to the complaint."

The failure of the law and motion judge and of the pretrial judge to require defendant to clarify his pleadings, placed the trial judge in the position of having to rule on proffered evidence without being certain of the issues.

We turn now to the effect of the pleadings as admissions. Both parties referred to superseded pleadings, and argued the effect of them interchangeably with the effect of the pleadings upon which the case went to trial. In doing so they failed to distinguish between evidentiary admissions and judicial admissions. The distinction is succinctly stated in Witkin, California Evidence, section 224, page 251. As to a judicial admission by pleading he elucidates as follows: "A judicial admission in a pleading (either by affirmative allegation or by failure to deny an allegation) is entirely different from an evidentiary admission. The judicial admission is not merely evidence of a fact; it is a conclusive concession of the truth of a matter which has the effect of removing it from the issues. . . .

"It should be remembered that no judicial admission results from the permissible use of inconsistent counts or defenses unless they involve contradictions of fact in a verified pleading."

As to a superseded pleading he states:

"An allegation or failure to deny in a pleading superseded by later amendment is of course not a judicial admission. The majority view nevertheless treats it as any other prior statement of a party, i.e., as an evidentiary admission. . . ." (See *Meyer* v. *State Board of Equalization,* 42 Cal.2d 376, 384 [267 P.2d 257].)

Defendant argues that the pleadings in his answer, upon which the case went to trial, merely constituted inconsistent defenses and therefore not admissions. However, we agree with the trial court that the verified pleadings present contradictions of fact within the rationale of judicial admissions, conclusively conceding defendant's tenancy under a written lease as pleaded by plaintiffs.

Defendant also argues with some persuasion that the modern tendency is to construe pleadings liberally, and that the trial court was unduly strict in its interpretation of his

inconsistent pleadings. However, the court did not take the issue of a written lease from the jury upon the pleadings alone.

Defendant testified that he received two copies of the lease, that both copies were signed by plaintiffs when he received them, that he retained both copies, that he also retained possession of the premises, and that he did not notify plaintiffs of any objections to the provisions of the lease until the time for the first settlement arrived. To these facts the trial court properly applied the general principles governing delivery and acceptance of a lease signed by the lessor but unsigned by the lessee. As stated in 2 Witkin, Summary of California Law (7th ed. 1960) Execution and Delivery, section 232, pages 1061-1062: ''As a conveyance, the lease must be *delivered,* delivery being part of the execution. (C.C.P. 1933; *Feigenbaum* v. *Aymard* (1925) 71 Cal.App. 713 [236 P. 156].)

''It is not essential that the *lessee* sign; delivery to and *acceptance* by him is sufficient, and his acceptance may be indicated by taking possession or paying rent. Upon such acceptance, both lessor and lessee become bound under the lease, except, however, that a special covenant, such as one to repair, does not bind the lessee who has not signed. (*Munford* v. *Humphreys* (1924) 68 Cal.App. 530 [229 P. 860]; *Chandler* v. *Hart* (1911) 161 Cal. 405 [119 P. 516, Ann.Cas. 1913B 1094]; *Watkins* v. *McCartney* (1922) 57 Cal.App. 643 [207 P. 909].)'' (See also 30 Cal.Jur.2d, Landlord and Tenant, Execution, § 29, Acceptance, § 31, pp. 153-155.)

Viewing the record in its entirety, we find no reversible error.

The judgment is affirmed.

Conley, P. J., and Brown (R.M.), J., concurred.